UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL JAMES CARTER, JR., | No.  2:25-cv-0428 CSK P |
| Plaintiff, | |
| v. | ORDER |
| CORRECTIONAL OFFICER SIMPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff is granted an opportunity to elect to proceed solely on his excessive force claims, or may elect to amend his complaint as discussed below.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555.

1   However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the
2   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
3   Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
4   quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
5   true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
6   pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
7   (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

8   II.    PLAINTIFF'S COMPLAINT

9           In his complaint, plaintiff raises three claims.  First, he alleges that on December 26, 2022,
10  defendants Correctional Officers Simpson, C. Campuzano, Van, McCloud, N. Rodriguez, and
11  Sgt. D. Heinkel used excessive force on plaintiff while he was in restraints.  (ECF No. 1 at 5.)
12  Plaintiff states that defendant C. Campuzano held plaintiff on the ground and tried to break
13  plaintiff's right wrist while defendants Van, McCloud and N. Rodriguez hit, slammed, and
14  slapped plaintiff in the face.  (Id.)  Officer Simpson told plaintiff "he was going to fuck me in my
15  ass like he did my mother last night," while defendant C. Campuzano cut off all of plaintiff's
16  clothes.  (Id.)  Plaintiff asserts that defendant N. Rodriguez then lied on his paperwork claiming
17  that while plaintiff was being restrained by other officers on the ground (with restraints on),
18  plaintiff raised his head and head butted N. Rodriguez thigh and knee area.  (Id.)  After plaintiff
19  filed a grievance about the incident, defendant N. Rodriguez came and kicked plaintiff's door,
20  trying to intimidate plaintiff.  Defendants Van and McCloud broke plaintiff's TV and stole
21  plaintiff's Kings poster while packing up plaintiff's property.  Plaintiff alleges that defendants
22  Sgt. Heinkel and Sgt. B. Schroeder both condoned the assault on plaintiff by watching and egging
23  their fellow officers to keep going and do more degrading and humiliating things to plaintiff, and
24  then tried to help their friends to cover up the misconduct.  (Id.)  As injuries, plaintiff received a
25  fractured wrist and bruised lip, was humiliated and degraded, spent 5 months in ad seg lockup,
26  and still has to take pain medication for his right hand.  (Id.)

27          In his second claim, plaintiff states that on October 16, 2020, Officer D. Murphy shot
28  plaintiff in the head with his 40 mm rubber bullet rocket launcher.  After plaintiff filed a

grievance and § 1983 action concerning the incident, Correctional Officer Appleberry refused to allow plaintiff to have family visits, and Officer Cooke condoned this behavior even though they knew plaintiff was eligible for family visits.[1] (Id. at 6.) Officer Conte refused to let plaintiff have an emergency cell move even though plaintiff told him that plaintiff and his cellmate were no longer compatible, was being hostile, and plaintiff had to defend himself when his cellmate attacked him. Then Lt. Holloway took away plaintiff's privileges even though plaintiff had told them it was not safe for him to be housed with that cellmate. Plaintiff asserts that Officer West hung the phone up on plaintiff while he was talking to his daughter, even though plaintiff had 15 minutes left on the phone. Defendant N. Rodriguez refused plaintiff emergency medical care even though plaintiff was having chest pains. Then C/O Appleberry denied plaintiff overnight family visits, putting in plaintiff's central file that plaintiff is denied family visits because of a 2007 case with a 19 year old girlfriend, which plaintiff claims has nothing to do with plaintiff's commitment offense, and defendant Cook condoned this abuse of authority. (Id.) As injury, plaintiff claims he has been unable to build family bonds with his children, and has missed his children growing up.

In his third claim, plaintiff alleges that since he filed his grievance in October of 2020, defendants Appleberry, Cook, West, Van, McCloud, Lt. Holloway, Sgt. McKenna, Sgt. D. Heinkel, Sgt. B. Schroeder, Simpson, Conte, C. Campuzano and N. Rodriguez have abused their authority over plaintiff to intimidate him, and make his stay at CSP-SAC unsafe and uncomfortable. (Id. at 7.) They used their positions to humiliate plaintiff, tried to drive his family away, tried to have plaintiff hurt by other inmates, and when that didn't work, they took plaintiff's privileges, tried to leave plaintiff in his cell while having a real medical emergency, all to make plaintiff drop the grievance and § 1983 action plaintiff filed on their coworker. As injury, plaintiff claims he was made to fight in his cell, was degraded, humiliated and abused, and went through physical, emotional and psychological distress for over three years. (Id.)

As relief, plaintiff seeks money damages and injunctive relief in the form of overnight

---

[1] Plaintiff filed a civil rights action against Murphy. Carter v. Murphy, 2:24-cv-0165 CKD (E.D. Cal.). (ECF No. 1 at 6.)

4

family visits.

III.     DISCUSSION

     A.  Plaintiff's Eighth Amendment Excessive Force Claims Are Cognizable

Plaintiff has stated cognizable Eighth Amendment excessive force claims against defendants C. Campuzano, Van, McCloud, and N. Rodriguez, and cognizable Eighth Amendment failure to protect claims against defendants Sgt. D. Heinkel and Sgt. B. Schroeder based on the alleged use of force on December 26, 2022. However, although plaintiff alleges defendant Simpson used excessive force, plaintiff includes no specific fact demonstrating such use of force. Plaintiff's allegation concerning what defendant Simpson said, although repulsive, does not demonstrate a use of force. Plaintiff is granted leave to file an amended complaint if he can allege facts demonstrating that defendant Simpson used excessive force or allegedly failed to protect plaintiff from the other officers' use of force on December 26, 2022.

In his first claim, plaintiff also alleges violations of the First, Fourth and Fifth Amendments in connection with the allegations claiming excessive force (ECF No. 1 at 5), but plaintiff includes no specific facts to support violations of the First, Fourth and Fifth Amendments. Because plaintiff's allegations concerning the use of excessive force fall squarely within the Eighth Amendment, plaintiff's first claim does not state cognizable civil rights violations under the First, Fourth and Fifth Amendments.

     B.  Plaintiff's Second and Third Claims Are Not Cognizable

Plaintiff's second and third claims are too generalized, vague and conclusory to demonstrate specific violations of plaintiff's constitutional rights. Plaintiff alleges violations of the First, Fourth, and Eighth Amendments, but plaintiff fails to set forth specific facts to support a violation of each cited amendment. Plaintiff's allegation that the named defendants abused their authority is insufficient. "It is the plaintiff['s] burden, under both Rule 8 and Rule 11, to reasonably investigate [his] claims, to research the relevant law, to plead only viable claims, and to plead those claims concisely and clearly, so that a defendant can readily respond to them and a court can readily resolve them." Gurman v. Metro Housing & Redevelopment Authority, 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (citing Fed. R. Civ. P. 8, 11). Plaintiff must allege specific

facts demonstrating that each defendant violated plaintiff's constitutional rights.

Further, plaintiff cannot state a cognizable civil rights claim based on the denial of family visits because "[i]t is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits." Gerber v. Hickman, 291 F.3d 617, 621 (9th Cir. 2002) (*en banc*) (citing, inter alia, Kentucky v. Department of Corrections v. Thompson, 490 U.S. 454, 460 (1989) (the Due Process Clause does not guarantee a right of unfettered visitation)).  In Gerber, the Ninth Circuit held that "while the basic right to marry survives imprisonment, . . ., most of the attributes of marriage -- cohabitation, physical intimacy, and bearing and raising children -- do not." Gerber, 291 F.3d at 621; cf. Overton v. Bazzetta, 539 U.S. 126, 131-32 (2003) (declining to decide whether the right to intimate association survives incarceration because the "challenged regulations bear a rational relation to legitimate penological interests," and finding that while freedom of association is compatible with incarceration, curtailment of that freedom is expected). Spouses and family members of prisoners do not have rights or privileges to visitation distinct from those of the inmate to whom they are married or related.  See Dunn v. Castro, 621 F.3d 1196, 1201 (9th Cir. 2010) (right to freedom of association is limited in prison, thus, imposition of prison regulation preventing inmate from visitation with his children permissible); Hill v. Washington State Dep't of Corrections, 628 F.Supp.2d 1250, 1263 (W.D. Wash. 2009); Harris v. Murray, 761 F. Supp. 409, 412 (E.D. Va. 1990). Therefore, plaintiff's claim to family visits is unavailing because the benefits of marriage do not survive incarceration.  "The fact that California prison officials may choose to permit some inmates the privilege of conjugal visits is simply irrelevant to whether there is a constitutional right to conjugal visits . . . while in prison." Gerber, 291 F.3d at 621-22 (emphasis added) (Cal. Code Regs., tit. 15, § 3177(b) states "[f]amily visiting is a privilege."). Similarly, because plaintiff has no constitutional right to family visits, he cannot obtain injunctive relief requiring such family visits.

The Court finds that plaintiff's second and third claims fail to state cognizable civil rights claims and must be dismissed without prejudice.

C. Plaintiff's Second and Third Claims Are Unrelated to Excessive Force Claims

In addition, it does not appear that the allegations raised in plaintiff's second and third

6

1  claims arose from the same transaction, occurrence, or series of transactions or occurrences, as
2  the use of force incident on December 26, 2022, or that a question of law or fact common to all
3  defendants will arise in connection thereto.

4      A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule Civ.
5  P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to relief
6  is asserted against them jointly, severally, or in the alternative with respect to or arising out of the
7  same transaction, occurrence, or series of transactions and occurrences" and "any question of law
8  or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  Unrelated
9  claims against different defendants must be pursued in separate lawsuits.  See George v. Smith,
10 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "to prevent the sort of morass [a multiple
11 claim, multiple defendant] suit produce[s]."  Id.

12     Here, plaintiff's Eighth Amendment claims related to his allegation that excessive force
13 was used on December 26, 2022 focus solely on what took place during the use of force incident
14 and what each defendant did or did not do.  Plaintiff's allegations in his second and third claims
15 involve multiple incidents that took place over a three year period at CSP-SAC and will not
16 involve questions of law or facts common to the defendants involved in the December 26, 2022
17 use of force incident.  Thus, if plaintiff is able to identify specific civil rights violations based on
18 facts alleged in his second and third claims, he should pursue them in separate civil rights cases.

19 IV.     PLAINTIFF'S OPTIONS

20     Plaintiff may proceed forthwith to serve defendants C. Campuzano, Van, McCloud, N.
21 Rodriguez, Sgt. D. Heinkel and Sgt. B. Schroeder, and pursue his potentially cognizable Eighth
22 Amendment excessive force claims based on the alleged use of force on December 26, 2022
23 against only those defendants, or he may delay serving any defendant and attempt to state a
24 cognizable Eighth Amendment claim against defendant Simpson.  If plaintiff elects to proceed
25 forthwith against defendants C. Campuzano, Van, McCloud, N. Rodriguez, Sgt. D. Heinkel and
26 Sgt. B. Schroeder, against whom he stated potentially cognizable Eighth Amendment excessive
27 force claims for relief based on the alleged use of force on December 26, 2022, then within thirty
28 days plaintiff must so elect on the attached form.  In this event the Court will construe plaintiff's

1 election as consent to dismissal of the remaining claims against defendants without prejudice.
2 Under this option, plaintiff does not need to file an amended complaint.

3 Or, plaintiff may delay serving any defendant and attempt again to state a cognizable
4 Eighth Amendment claim against defendant Simpson.  If plaintiff elects to attempt to amend his
5 complaint to state a cognizable claim against defendant Simpson, plaintiff has thirty days to
6 amend.  Plaintiff is not granted leave to add new claims or new defendants.

7 Any amended complaint must show the federal court has jurisdiction, the action is brought
8 in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff
9 is entitled to relief if plaintiff's allegations are true.  It must contain a request for particular relief.
10 Plaintiff must identify as a defendant only persons who personally participated in a substantial
11 way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743
12 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an
13 act, participates in another's act, or omits to perform an act he is legally required to do that causes
14 the alleged deprivation).

15 A district court must construe a pro se pleading "liberally" to determine if it states a claim
16 and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an
17 opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).  While
18 detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of
19 action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
20 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff
21 must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is
22 plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

28 Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted).  Although legal conclusions

8

can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's second and third claims, and defendants Appleberry, Conte, Cook, West, Lt. Holloway, and Sgt. McKenna, are dismissed without prejudice.

4. The excessive force claim against defendant Simpson is dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against defendant Simpson. Plaintiff is not obligated to amend his complaint.

5. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment excessive force claims against defendants C. Campuzano, Van, McCloud, N. Rodriguez, Sgt. D. Heinkel and Sgt. B. Schroeder based on the alleged use of force on December 26, 2022. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing the defective claims without prejudice.

6. Failure to comply with this order will result in a recommendation that this action

proceed solely as to plaintiff's Eighth Amendment claims against defendants C. Campuzano, Van, McCloud, N. Rodriguez, Sgt. D. Heinkel and Sgt. B. Schroeder, and that the remaining claims and defendants Simpson, Appleberry, Conte, Cook, West, Lt. Holloway, and Sgt. McKenna, be dismissed without prejudice.

Dated: April 18, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cart0428.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL JAMES CARTER, JR., | No. 2:25-cv-0428 CSK P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| CORRECTIONAL OFFICER SIMPSON, et al., | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____   Plaintiff opts to proceed with his Eighth Amendment claims against defendants C. Campuzano, Van, McCloud, N. Rodriguez, Sgt. D. Heinkel and Sgt. B. Schroeder. Under this option, plaintiff consents to dismissal of the remaining noncognizable claims against defendants Simpson, Appleberry, Conte, Cook, West, Lt. Holloway, and Sgt. McKenna, without prejudice.

**OR**

\_\_\_\_\_   Plaintiff opts to file an amended complaint and attempt to state a cognizable Eighth Amendment claim against defendant Simpson and delay service of process.

DATED:

_____
Plaintiff

1