UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANAEL JAMES CARTER, JR., | No. 2:25-cv-0428 CSK P |
| Plaintiff, | |
| v. | ORDER |
| CORRECTIONAL OFFICER SIMPSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Two requests are before the Court.

First, plaintiff requests that the Court appoint counsel. (ECF No. 9.) District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Second, plaintiff filed a request that the Clerk's Office send him a number of books, "all new bills that passed and laws," and "anything on law firms, lawyers or groups that may assist [plaintiff] in [his] lawsuit."  (ECF No. 10.)  Plaintiff is advised that the Court does not provide legal books or other such resources to litigants.  Rather, plaintiff must avail himself of the legal resources provided at the prison library.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 9) is denied without prejudice.

2. Plaintiff's request for books (ECF No. 10) is denied.

Dated:  April 29, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/cart0428.31.new

2